## THE DEDHAM INSTITUTION FOR SAVINGS *vs.* SALLY SLACK.

The treasurer of an incorporated institution for savings has no authority, as such, and without being specially authorized thereunto, to execute a release in the name of the corporation.

Where the treasurer of an institution for savings became a party to an assignment for the benefit of creditors, and thereby undertook to release one of the promisors on a joint and several note belonging to the institution, but without any authority, either general or special, for that purpose; and payments of dividends were subsequently made to the treasurer's successor in office, and indorsed on the note, and entered in the books of the institution, as so much received of the assignees of such promisor; and the treasurer's account and cash, including the sum so received, and the notes of the institution, including the note in question, were subsequently examined by a committee and certified as correct; it was held, that these acts did not amount to a ratification of the release.

THIS was an action against the defendant, as executrix of Benjamin Slack, deceased, to recover the amount of a joint and several promissory note for $600, signed by the defendant's testator and Moses Garfield, dated May 1st, 1832, payable to the plaintiffs, or order, on demand, with interest semi-annually.

The case was tried before *Hoar*, J., in the court of common pleas.

The defendant relied in defence on a release by the plaintiffs to Moses Garfield, contained in an indenture of assignment in three parts, for the benefit of creditors, dated March 7th, 1843, between Moses Garfield, of the first part, William Pierce and Moses Garfield 2d, of the second part, and the several creditors of Moses Garfield, the party of the first part, who might sign and seal the indenture, of the third part.

The indenture contained the following clause: — " And the several creditors of the said Moses Garfield, who have signed and sealed this instrument, do hereby respectively covenant with him, that in consideration of the premises, and on his delivering up his property except what is not attachable by process of law, they will discharge all their aforesaid claims on him, and that this instrument shall and may be deemed and taken to be a complete discharge in the premises, and as such may be pleaded in bar to any action that may hereafter be brought for any claim or balance of claims by either of them respectively."

The plaintiffs denied that they were parties to the assignment.

It was in evidence, for the defendant, that Moses Garfield, William Pierce, and Moses Garfield 2d, the parties of the first

and second parts, duly executed the assignment, which was also executed by sundry creditors; that Enos Foord, who was then and for many years thereafter treasurer of the plaintiffs, affixed a seal to the indenture, (the plaintiffs never having adopted any particular seal,) and against the same wrote as follows: "Dedham Savings Bank by Enos Foord, Tr.," but there was no vote of the plaintiffs recorded authorizing Foord to sign and seal the assignment in behalf of the plaintiffs, or any other evidence of authority to him for that purpose, except the fact of his being treasurer; that the assignees of Garfield paid two dividends of his assets under the assignment to the successor of Foord in the office of treasurer, one of $111.66 on the 28th of February, 1846, and the other of $156, on the 5th of March, 1846, both of which were regularly indorsed on the note in suit, and entered in the treasurer's books as so much received of the assignees of Moses Garfield, but the treasurer had no knowledge that any such instrument had been executed by Foord; that the plaintiffs' treasurer had credited the plaintiffs with the moneys so received; and that a committee appointed for the purpose by the plaintiffs had examined his cash received, including the amounts above mentioned, and also the note in suit, and the indorsements thereon, with the other securities held by him as treasurer, and had made the usual certificate to their correctness, as required by the plaintiffs' by-laws.

It also appeared, in evidence, that the treasurer was and is the only person authorized to keep and receive the moneys and securities of the plaintiffs, and that there was and is no record of any vote of the plaintiffs, to release any claim against any person, or to cancel or discharge or receive payment, partial or in full, of any debt of any person whatever.

The eighth article of the plaintiffs' by-laws, concerning the duties of treasurer, who was *ex officio* secretary, after enumerating several particulars, provides, generally, that "He shall also perform and discharge all such other duties, in addition to the above, as are usually required of the treasurer and secretary of similar institutions."

The presiding judge ruled, that the foregoing was not sufficient evidence of authority in Foord to execute the release;

whereupon the jury returned a verdict for the plaintiffs, and the defendant excepted.

*J. J. Clarke,* for the defendant.

*E. Wilkinson,* for the plaintiffs.

DEWEY, J.    Whether the stipulations in the articles of assignment, on the part of the creditors of Moses Garfield, amount to a technical release, or contain a mere covenant not to sue, we have not found it necessary to consider particularly.

Assuming the instrument to be a technical release, on the part of those who executed it, the defendant has failed to sustain the position, that it was duly executed by the plaintiffs. If executed at all, it was in this form : " Dedham Savings Bank, by Enos Foord, Tr." No exception is now taken to the misrecital of the corporate name of the plaintiffs ; but it is denied, that Foord had any authority to give a technical release under seal, operating to discharge not only Garfield, but a co-promisor in a joint and several note. It is to be borne in mind, that the question here raised is not whether Foord, as treasurer, might not have received payment of this note in cash, or its equivalent, in the ordinary course of business, but whether he had authority to give a technical release under seal, which should be equally good with or without any consideration. Upon this point we have no doubt. The office of treasurer does not, of itself, confer any such power ; and if it exists, it must be shown by some vote authorizing the treasurer to execute such a release. We are referred to no such vote, and in the absence of authority delegated to him, Foord would not, by virtue of his office of treasurer merely, be authorized to give a release.

It is urged, however, that the plaintiffs have ratified the act of Foord, which has thus become effectual to discharge the defendant. If they have done so, that will, of course, be the result ; but this position, as to ratification, must be established by adequate proof. There was no such proof in the case, or any evidence that would warrant a jury to find such a ratification.

The payment of a dividend, by the assignees of Garfield, to the successor in office of Foord, would give no intimation,

that an assignment had been made and accepted, with a release clause to joint and several promisors with Garfield. Indeed, the new treasurer testified, that he had no knowledge that any such instrument had been executed by Foord. Nor would the indorsement made upon this note, or the credit to the plaintiffs by the treasurer, which were submitted to the committee of the plaintiffs, have given them any notice of the execution of the release. They might have notice, therefore, that Garfield had transferred his property to assignees, but whether under a common assignment, as practised before the statute of 1836, *c.* 238, which might have been with or without the release clause, or under the statute just cited, where the creditors do not execute the assignment, would be unknown to them. The ruling of the court of common pleas, that there was not sufficient evidence of an authority to Foord to execute the release, nor of the confirmation by the plaintiffs of his act, was correct, and the exceptions taken thereto must be overruled.                    *Exceptions overruled.*